**ELEVATOR MANUFACTURER'S ASSO-CIATION OF NEW YORK, an unincorporated association, Plaintiff,**

v.

**INTERNATIONAL UNION OF ELEVA-TOR CONSTRUCTORS LOCAL NO. 1, OF NEW YORK AND VICINITY, an unincorporated association, Defendant.**

No. 72 Civ. 1071.

United States District Court,
S. D. New York.

April 25, 1972.

Putney, Twombley, Hall & Hirson, New York City, for plaintiff.

Walter J. Law, New York City, for defendant; Wilderman, Markowitz &

Kirschner, Philadelphia, Pa., by Richard H. Markowitz, Richard Kirschner, Philadelphia, Pa., of counsel.

## OPINION

BAUMAN, District Judge.

Plaintiff has moved for a preliminary injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure directing the defendant union and its members "not to engage or participate in any strike, concerted stoppage of work, or concerted slowdown" against the plaintiff.

Plaintiff Elevator Manufacturer's Association of New York ("Association") negotiates, executes and enforces collective bargaining contracts with labor unions on behalf of its members, the Otis Elevator Company, the Elevator Division of Westinghouse Electric Corporation and the Haughton Elevator Company. The Association and defendant International Union of Elevator Constructors Local No. 1, of New York and Vicinity ("Union") entered into such an agreement on October 19, 1969 which expires June 30, 1972.

It provides in pertinent parts that: "the regular work day on construction work shall not excede seven hours in any one day. Monday, Tuesday, Wednesday, Thursday, and Friday shall constitute the regular work week of thirty-five hours." Section III,C. "Overtime shall not be worked except when unavoidable." Section IV,D.

The agreement prescribes arbitration for "[a]ll differences and disputes regarding the application and construction of this agreement." Section IX,1. It also contains a "no-strike" clause. Section XI,1.

Members of the Association contract with owners of buildings to install elevators by specific dates. The Union represents employees who do the work. Since March 13, 1972, some twenty-nine months after the agreement was executed, union members have refused to perform any overtime work in New York City including the many projects for which members of the Association have installation contracts although they do work during regular working hours. The dispute over whether there is "unavoidable overtime" required on those projects has been submitted to the Federal Mediation and Conciliation Service pursuant to the arbitration clause in the collective bargaining agreement.

The Association complains here that its members relied on an expectation of a certain amount of "traditional" or "reasonable" overtime from union members when it fixed completion dates in its contracts with its customers and that it cannot meet them because of the refusal of the union members to work overtime as they had been doing without question or complaint. As a result, it claims irreparable damage.

The Union has made no demand of the Association as a condition for working the overtime requested by the Association. Its position is that until there is a determination of what is "unavoidable" overtime, its members are not required to work any overtime.

## I.

The legal issue for determination is whether, in these circumstances, a preliminary injunction is prohibited by Section Four of the Norris-LaGuardia Act, 29 U.S.C. § 104,[1] or whether this case

---

1. 29 U.S.C. § 104 provides in pertinent parts:

"No court of the United States shall have jurisdiction to issue any restraining order or temporary or permanent injunction in any case involving or growing out of any labor dispute to prohibit any person or persons participating or interested in such dispute (as these terms are herein defined) from doing, whether singly or in concert, any of the following acts:

(a) Ceasing or refusing to perform any work or to remain in any relation of employment; * * *."

falls within the exception to the broad language of that section delineated by the Supreme Court in Boys Markets, Inc. v. Retail Clerks Union, Local 770, 398 U.S. 235, 90 S.Ct. 1583, 26 L.Ed.2d 199 (1970). In *Boys Markets*, the Court held that the anti-injunction provisions of the Norris-LaGuardia Act did not prohibit a federal district court from enjoining a strike which was in violation of a no-strike clause of a collective bargaining agreement when that agreement provided for binding arbitration of the grievance or dispute which was the cause of the strike.

Implicit in the policy underlying the decision in *Boys Markets* is the requirement that the District Court decide whether the collective bargaining agreement contains a "no-strike" clause and whether the union activities complained of constitute a strike. The agreement clearly contains a "no-strike" clause.

In the case at bar there are a number of circumstances which require the affirmative conclusion that the Union is on strike. As has been noticed, members of the union have performed overtime when requested for the last twenty-nine months without once raising the question of its unavoidability. This conduct seems to me clear and unmistakable evidence of the intent of the parties in construing their agreement as requiring some overtime as part of the normal work relationship. Some three and one-half months before the agreement is due to expire, the Union has indiscriminately refused all overtime employment. This suggests the possibility that it has unilaterally, for some unknown tactical advantage, breached the agreement as written and as performed. Add to this the fact that nowhere in the papers before me does the Union deny that its action is meant to be strike action. Its effect, if persisted in, is a siege in which the result is obtained by the withholding of services. I see this as a strike made all the more devastating by the fact that it is force-financed by the Association. Its members are required to pay for the thirty-five hour week worked by union members whose refusal to work overtime prevents the timely completion of their contracts.

I disagree with the Court of Appeals for the Seventh Circuit in C. G. Conn. Limited v. N. L. R. B., 108 F.2d 390, 397 (7th Cir. 1939), in its simplistic approach to defining a strike. In today's complicated interplay between management and labor, to say that merely because men are working they are not striking is too easy. It does not take into account that performing less work than they have under a contract in existence for years and upon which management has relied is a refined form of torture every bit as destructive as a strike. It is a strike. Cf. American Manufacturing Concern, 7 N.L.R.B. 753 (1938).

I make this finding that a strike exists for the purpose of determining whether the *Boys Markets* exception to the Norris-LaGuardia Act is applicable here and it should have no effect on the resolution of the underlying dispute as to how much overtime constitutes "unavoidable overtime" in the proceeding before the arbitrator.

Having determined that a strike exists over an arbitrable dispute in violation of a no-strike clause, this Court must make a further determination of whether an injunction granting specific performance of the no-strike clause is warranted. I find that such an injunction should issue.

Issuance of an injunction is the only remedy which will assure that the employers get what they bargained for, i. e., no strikes by the union pending the

---

29 U.S.C. § 113(c) defines "labor dispute":

"The term "labor dispute" includes any controversy concerning terms or conditions of employment, or concerning the association or representation of persons in negotiating, fixing, maintaining, changing, or seeking to arrange terms or conditions of employment, regardless of whether or not the disputants stand in the proximate relation of employer and employee."

outcome of arbitration involving any disputes which both sides agree should be arbitrated. Secondly, the effect on the union if such an injunction is granted is less onerous than the harm which must be suffered by the employers if the injunction is not granted. See Boys Markets, Inc. v. Retail Clerks Union, Local 770, 398 U.S. 235, 90 S.Ct. 1583, 26 L.Ed.2d 199 (1970); Cf. Amstar Corporation v. Amalgamated Meat Cutters & Butcher Workmen of North America, AFL–CIO, D.C., 337 F.Supp. 810 (1972).

A preliminary injunction, pending the outcome of arbitration between the parties, prohibiting any concerted refusal by the members of Local One of the International Union of Elevator Constructors to work such overtime hours as they have during the life of their collective bargaining agreement on projects where they are employed by member firms of the Elevator Manufacturer's Association will be issued. The above constitute my findings of fact and conclusions of law pursuant to Rule 52(a) of the Federal Rules of Civil Procedure.

Settle order on notice.